ABRAHAM K. MILLER, Plaintiff in Error, *vs.* ALBERT D. ROUSE, Defendant in Error.

ERROR TO THE DISTRICT COURT OF SCOTT COUNTY.

The Defendant holds a note against the Plaintiff upon which he claims there is due and unpaid the sum of $150, and refuses to give the same up to the Plaintiff until that sum is paid. The Plaintiff brings his action against the Defendant, alleging that the note is fully paid and satisfied, and demands the cancellation of the same. *Held,* that the action can be maintained under *section 35 of the Compiled Statutes, page* 629.

Points and Authorities of Plaintiff in Error.

I.—The complaint does state facts sufficient to constitute a cause of action, and entitles the Plaintiff to relief.

1st. Because it is an action brought under the statute by the Plaintiff against the Defendant "for the purpose of determining an adverse claim which the latter makes against the former for money," "upon an alleged obligation which the Defendant still holds against the Plaintiff, and claims unpaid, and which the complaint shows is paid. *Comp. Stat* , 629, *sec.* 35.

2d. The special agreement and its execution is payment of the note as fully as if the gold had been paid. 2 *Cow. and Hill's Notes, Phil. Ev.,* 592, *and citations.*

Points and Authorities of Defendant in Error.

I.—The equitable jurisdiction of the Supreme Court and

Miller v. Rouse.

District Courts of this State, is separate and distinct from their jurisdiction of cases at law—just as much so as if each of the two kinds of jurisdiction was vested in a Court separate from the other. *State Constitution, article 6, sec. 2 and sec. 5. Bennett vs. Butterworth,* 11 *How. Rep.,* 669 ; 1 *Story's Eq. Ju., secs.* 25, 26.

II.—The District Courts of this State, as Courts of Equity, possess jurisdiction, and cannot take cognizance of a case in which there is a plain and adequate remedy at law.

III.—The facts alleged are not sufficient to entitle the Plaintiff to judgment. The alleged payments were all made voluntarily, with ample means of knowledge of all the facts, and to apply on the note, and not otherwise. Each of such payments, thus made, was a clear and direct acknowledgment that the money, &c., so paid were due to the Defendant : and allowing interest on the note according to its terms, and the general understanding and practice in like cases at the time, the money so paid, and much more, was, in fact, due to Defendant. No valid excuse for making such alleged overpayments is given ; but, on the contrary, the pretended excuse offered consists of the Plaintiff's own palpable negligence and carelessness. Parties are not by the law entitled to recover back money thus voluntarily paid. 1 *Wend. Rep.,* 355 ; 9 *Cow. Rep.,* 674 ; 2 *East. Rep.,* 470 ; 1 *Day Rep.,* 133.

HENRY HINDS, Counsel for Plaintiff in Error.

A. G. CHATFIELD, Counsel for Defendant in Error.

*By the Court*—FLANDRAU, J.—It is clear from the allegations in the complaint, that the Plaintiff has fully paid the note which the Defendant holds against him. The note was payable in eleven months from date, with interest at the rate of three per cent. per month. There was no stipulation that it should draw that rate until paid, or after maturity ; but simply that it should draw interest at three per cent. per month. A note in these terms draws interest from date till due, at the stipulated rate, and if not then paid, damages at the rate of seven per cent. per annum may be recovered for

the non-payment. Apply all the payments at the dates respectively alleged, and they make up the sum due, and something over, according to the most enlarged terms of the note. We then have a note in the hands of the defendant overpaid, and upon which the Defendant claims a sum due of one hundred and fifty dollars, and refuses to give up the note. Do these facts constitute a cause of action against the Defendant, and in favor of the Plaintiff, for the cancellation of the note, and the recovery of the sum overpaid? Upon the ordinary rules of equity discussed by the counsel for the Defendant, we would not hesitate to say no. There are no facts alleged that show the necessity of applying to a Court of Equity for relief. The note is past due, and consequently cannot be passed into third hands, discharged from the defence of payment. Nothing, in fact, is shown, except that the note is paid, which is a good legal defence, available in a court of law, and where those courts afford an adequate remedy, upon a given state of facts, courts of equity have no jurisdiction.

There is a statute in this State, however, (*Comp. Stat., p.* 629, *sec.* 35,) which seems to have been passed to meet exactly such cases as the one at bar. It is in the following words:

" An action may be brought by one person against another, for the purpose of determining an adverse claim, which the latter makes against the former, for money or property upon an alleged obligation, and also against two or more persons, for the purpose of compelling one to satisfy a debt due to the other, for which the Plaintiff is bound as surety."

In this case the Defendant holds the note of the Plaintiff, which the latter claims is overpaid, the Defendant claiming adversely that there is due upon it the sum of one hundred and fifty dollars. To settle this adverse claim this action is brought; we think the case is comprehended by the statute. It is unnecessary, therefore, to determine whether the facts make out a cause of action for the recovery of the sum overpaid on the note, and we purposely omit to pass upon that point. One good cause of action being disclosed, the demurrer to the whole complaint was improperly sustained, and the judgment rendered thereon for the Defendant must be reversed.

The case is remanded, with leave to the Defendant to answer over within ten days after notice of the jugdment of this Court.